UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION


UNITED STATES OF AMERICA

v.                                    Case Nos.    3:07cr58/MCR/CJK
                                                   3:11cv457/MCR/CJK

ANTHONY ALEXANDER
BRIDGEWATER
_____/


REPORT AND RECOMMENDATION

　　　This matter is before the court upon Defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 and supporting memorandum of law (doc. 305, 306).  The Government has filed a response (doc. 322) and Defendant has filed a reply (doc. 328).  The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters.  *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b).  After a careful review of the record and the arguments presented, it is the opinion of the undersigned that Defendant has not raised any issue requiring an evidentiary hearing and that the § 2255 motion should be denied.  *See* Rules Governing Section 2255 Cases 8(a) and (b).

# PROCEDURAL BACKGROUND[1]

Defendant was charged in a four count superseding indictment with conspiracy to distribute and possess with intent to distribute five kilograms of cocaine and one thousand kilograms of marijuana ("Count One"), possession with intent to distribute five kilograms of cocaine on a date certain ("Count Two"); possession with intent to distribute one hundred kilograms of marijuana on the same date ("Count Three") and possession of a firearm by a convicted felon ("Count Four") (doc. 34).   The Government filed a Notice of Enhancement indicating its intent to seek enhanced penalties against Defendant due to his two prior felony controlled substance convictions (doc. 42).

Defendant was represented by retained counsel Barry Beroset, Esq.[2]   The defense moved to suppress evidence seized from Defendant's residence, arguing that (1) law enforcement did not have a reasonable belief that Defendant was in the residence at the time and, although in possession of an arrest warrant, should not have entered without a search warrant; and (2) Defendant's subsequent consent to search of his residence was invalid (doc. 61).   The motion was denied after a hearing (docs. 72, 73, 174).   Defendant proceeded to trial and after a three day trial, the jury convicted him on all counts (docs. 94–96, 100, 105).   The court denied Defendant's motions for a new trial and for a judgment of acquittal (docs. 111, 112, 114, 115).

The Presentence Investigation Report ("PSR") was disclosed to the defense on September 24, 2007 (doc. 122).   The report grouped all four offenses for sentencing.

---

[1]The factual background of the case is set forth in Defendant's PSR and the Eleventh Circuit's opinion on appeal (doc. 196), and will be set forth herein only as necessary.

[2]Attorney Thomas Ford filed a notice of appearance as co-counsel prior to trial (doc. 89). For simplicity's sake, counsel will be referred to in the singular throughout this Report.

Defendant was held accountable for 1,726 kilograms of marijuana, which equated to a base offense level of 32 (PSR ¶ 50). A two level adjustment applied due to the possession of a dangerous weapon (PSR ¶ 51). Defendant's adjusted offense level was 34, but due to the application of the career offender enhancement,[3] his total offense level became 37 (PSR ¶¶ 55–59). Defendant had a criminal history category of VI (PSR ¶ 81). The applicable advisory guidelines range was 360 months to life, although a statutory maximum of 120 months applied to Count Four (PSR ¶¶ 112). The Government objected to the probation officer's determination that two of Defendant's prior controlled substance convictions were related, and argued that with two prior drug convictions, Defendant was subject to a mandatory term of life imprisonment (PSR ¶¶ 63, 64, 133).

At sentencing, the court sustained the Government's position regarding the two prior controlled substance convictions, finding them to be separate criminal acts (doc. 176 at 15–16). The statutory mandatory sentence applied, and the court sentenced Defendant to a term of life imprisonment on Counts One and Two, and terms of 438 months and 120 months respectively on Counts Three and Four (*id*. at 17, 20; *see also* doc. 143). The court expressly stated that if it was incorrect in its finding regarding the two prior convictions and the application of the mandatory minimum sentence, it would have sentenced Defendant to a term of 438 months on Counts One, Two and Three, and 120 months on Count Four (doc. 176 at 19).

Defendant appealed the denial of his motion to suppress and the imposition of the mandatory life sentence (doc. 196 at 2–3). The Eleventh Circuit found no error

---

[3]A prior conviction for battery and a prior controlled substance offense supported application of this enhancement (PSR ¶¶ 58, 62, 63).

in the district court's ruling on Defendant's motion to suppress and affirmed his convictions (*id.* at 7). It found, however, that the Government had not met its burden of establishing that Defendant had two prior and separate convictions that would support application of the life sentence. Therefore, it vacated and remanded Defendant's sentence (*id.*. at 11).

Upon remand, the district court conducted a hearing and heard testimony and evidence (docs. 198, 243, 244). The court found that Defendant's two prior convictions, despite having occurred approximately 42 minutes apart and having involved the same individuals, were separate criminal acts that were properly considered two separate convictions for the purposes of § 851 (doc. 243 at 9–10). It resentenced Defendant to the same sentence previously imposed (doc. 203; doc. 243 at 13). Defendant appealed, and the amended judgment was affirmed (doc. 277).

In the present motion, Defendant claims that counsel was constitutionally ineffective, separating his claims into four grounds for relief. The Government opposes the motion in its entirety.

## LEGAL ANALYSIS

### General Standard of Review

Collateral review is not a substitute for direct appeal, and therefore the grounds for collateral attack on final judgments pursuant to § 2255 are extremely limited. A prisoner is entitled to relief under section 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255(a); *McKay v. United States*, 657 F.3d 1190, 1194 n.8 (11th Cir. 2011). "Relief under 28 U.S.C. § 2255 'is reserved for

transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'" *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted). The "fundamental miscarriage of justice" exception recognized in *Murray v. Carrier*, 477 U.S. 478, 496 (1986), provides that it must be shown that the alleged constitutional violation "has probably resulted in the conviction of one who is actually innocent . . . ."

The law is well established that a district court need not reconsider issues raised in a section 2255 motion which have been resolved on direct appeal. *Rozier v. United States*, 701 F.3d 681, 684 (11th Cir. 2012); *United States v. Nyhuis*, 211 F.3d 1340, 1343 (11th Cir. 2000); *Mills v. United States*, 36 F.3d 1052, 1056 (11th Cir. 1994). Once a matter has been decided adversely to a defendant on direct appeal, it cannot be re-litigated in a collateral attack under section 2255. *Nyhuis*, 211 F.3d at 1343 (quotation omitted). Broad discretion is afforded to a court's determination of whether a particular claim has been previously raised. *Sanders v. United States*, 373 U.S. 1, 16 (1963) ("identical grounds may often be proved by different factual allegations . . . or supported by different legal arguments . . . or couched in different language . . . or vary in immaterial respects").

Furthermore, a motion to vacate under section 2255 is not a substitute for direct appeal, and issues which could have been raised on direct appeal are generally not actionable in a section 2255 motion and will be considered procedurally barred. *Lynn*, 365 F.3d at 1234–35; *Bousley v. United States*, 523 U.S. 614, 621 (1998); *McKay v. United States*, 657 F.3d 1190, 1195 (11th Cir. 2011). An issue is "'available' on direct appeal when its merits can be reviewed without further factual

development." *Lynn*, 365 F.3d at 1232 n. 14 (quoting *Mills*, 36 F.3d at 1055). Absent a showing that the ground of error was unavailable on direct appeal, a court may not consider the ground in a section 2255 motion unless the defendant establishes (1) cause for not raising the ground on direct appeal, and (2) actual prejudice resulting from the alleged error, that is, alternatively, that he is "actually innocent." *Lynn*, 365 F.3d at 1234; *Bousley*, 523 U.S. at 622 (citations omitted). To show cause for procedural default, a defendant must show that "some objective factor external to the defense prevented [him] or his counsel from raising his claims on direct appeal and that this factor cannot be fairly attributable to [defendant's] own conduct." *Lynn*, 365 F.3d at 1235. A meritorious claim of ineffective assistance of counsel can constitute cause. *See Nyhuis*, 211 F.3d at 1344.

Ineffective assistance of counsel claims are generally not cognizable on direct appeal and are properly raised by a § 2255 motion regardless of whether they could have been brought on direct appeal. *Massaro v. United States*, 538 U.S. 500, 503 (2003); *see also United States v. Patterson*, 595 F.3d, 1324, 1328 (11th Cir. 2010). In order to prevail on a constitutional claim of ineffective assistance of counsel, a defendant must demonstrate both that counsel's performance was below an objective and reasonable professional norm and that he was prejudiced by this inadequacy. *Strickland v. Washington*, 466 U.S. 668, 686 (1984); *Williams v. Taylor*, 529 U.S. 362, 390 (2000); *Darden v. United States*, 708 F.3d 1225, 1228 (11th Cir. 2013). In applying *Strickland*, the court may dispose of an ineffective assistance claim if a defendant fails to carry his burden on either of the two prongs. *Strickland*, 466 U.S. at 697; *Brown v. United States*, 720 F.3d 1316, 1326 (11th Cir. 2013).

In determining whether counsel's conduct was deficient, this court must, with much deference, consider "whether counsel's assistance was reasonable considering all the circumstances." *Strickland*, 466 U.S. at 688; *see also Dingle v. Sec'y for Dep't of Corr.*, 480 F.3d 1092, 1099 (11th Cir. 2007).   Reviewing courts are to review counsel's performance in a highly deferential manner and "must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance." *Hammond v. Hall*, 586 F.3d 1289, 1324 (11th Cir. 2009) (quoting *Strickland*, 466 U.S. at 689); *see also Chandler v. United States*, 218 F.3d 1305, 1315–16 (11th Cir. 2000) (discussing presumption of reasonableness of counsel's conduct); *Lancaster v. Newsome*, 880 F.2d 362, 375 (11th Cir. 1989) (emphasizing that petitioner was "not entitled to error-free representation"). Counsel's performance must be evaluated with a high degree of deference and without the distorting effects of hindsight.  *Strickland*, 466 U.S. at 689.  To show counsel's performance was unreasonable, a defendant must establish that "no competent counsel would have taken the action that his counsel did take." *Gordon v. United States*, 518 F.3d 1291, 1301 (11th Cir. 2008) (citations omitted); *Chandler*, 218 F.3d at 1315.  When examining the performance of an experienced trial counsel, the presumption that counsel's conduct was reasonable is even stronger, because "[e]xperience is due some respect." *Chandler*, 218 F.3d at 1316 n.18.

With regard to the prejudice requirement, defendant must establish that, but for counsel's deficient performance, the outcome of the proceeding would have been different.  *Strickland*, 466 U.S. at 694.  For the court to focus merely on "outcome determination," however, is insufficient; "[t]o set aside a conviction or sentence solely because the outcome would have been different but for counsel's error may

grant the defendant a windfall to which the law does not entitle him." *Lockhart v. Fretwell*, 506 U.S. 364, 369–70 (1993); *Allen v. Sec'y, Fla. Dep't of Corr.*, 611 F.3d 740, 754 (11th Cir. 2010). A defendant therefore must establish "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Lockhart*, 506 U.S. at 369 (quoting *Strickland*, 466 U.S. at 687). Or in the case of alleged sentencing errors, a defendant must demonstrate that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been less harsh due to a reduction in the defendant's offense level. *Glover v. United States*, 531 U.S. 198, 203–04 (2001). A significant increase in sentence is not required to establish prejudice, as "any amount of actual jail time has Sixth Amendment significance." *Id.* at 203.

To establish ineffective assistance, Defendant must provide factual support for his contentions regarding counsel's performance. *Smith v. White*, 815 F.2d 1401, 1406–07 (11th Cir. 1987). Bare, conclusory allegations of ineffective assistance are insufficient to satisfy the *Strickland* test. *See Boyd v. Comm'r, Ala. Dep't of Corr.*, 697 F.3d 1320, 1333–34 (11th Cir. 2012); *Garcia v. United States*, 456 F. App'x 804, 807 (11th Cir. 2012) (citing *Yeck v. Goodwin*, 985 F.2d 538, 542 (11th Cir. 1993)); *Stano v. Dugger*, 901 F.2d 898, 899 (11th Cir. 1990) (citing *Blackledge v. Allison*, 431 U.S. 63, 74 (1977)).

It is also well-established that counsel is not ineffective for failing to preserve or argue a meritless claim. *Freeman v. Attorney General, Florida*, 536 F.3d 1225, 1233 (11th Cir. 2008); *see also Sneed v. Florida Dep't of Corrections*, 496 F. App'x 20, 27 (11th Cir. 2012) (failure to preserve meritless *Batson* claim not ineffective assistance of counsel); *Lattimore v. United States*, 345 F. App'x 506, 508 (11th Cir.

2009) (counsel not ineffective for failing to make a meritless objection to an obstruction enhancement); *Brownlee v. Haley*, 306 F.3d 1043, 1066 (11th Cir. 2002) (counsel was not ineffective for failing to raise issues clearly lacking in merit); *Chandler v. Moore*, 240 F.3d 907, 917 (11th Cir. 2001) (counsel not ineffective for failing to object to "innocuous" statements by prosecutor, or accurate statements by prosecutor about effect of potential sentence); *Meeks v. Moore*, 216 F.3d 951, 961 (11th Cir. 2000) (counsel not ineffective for failing to make meritless motion for change of venue); *Jackson v. Herring*, 42 F.3d 1350, 1359 (11th Cir. 1995) (counsel need not pursue constitutional claims which he reasonably believes to be of questionable merit); *United States v. Winfield*, 960 F.2d 970, 974 (11th Cir. 1992) (no ineffective assistance of counsel for failing to preserve or argue meritless issue); *Lancaster v. Newsome*, 880 F.2d 362, 375 (11th Cir. 1989) (counsel was not ineffective for informed tactical decision not to make what he believed was a meritless motion challenging juror selection procedures where such a motion has never been sustained because such a motion would not have been successful).

The Eleventh Circuit has recognized that given the principles and presumptions set forth above, "the cases in which habeas petitioners can properly prevail . . . are few and far between." *Chandler*, 218 F.3d at 1313.  This is because the test is not what the best lawyers would have done or even what most good lawyers would have done, but rather whether some reasonable lawyer could have acted in the circumstances as defense counsel acted.  *Dingle*, 480 F.3d at 1099; *Williamson v. Moore*, 221 F.3d 1177, 1180 (11th Cir. 2000).  "Even if counsel's decision appears to have been unwise in retrospect, the decision will be held to have been ineffective assistance only if it was 'so patently unreasonable that no competent attorney would

have chosen it.'" *Dingle*, 480 F.3d at 1099 (quoting *Adams v. Wainwright*, 709 F.2d 1443, 1445 (11th Cir. 1983)).  The Sixth Circuit has framed the question as not whether counsel was inadequate, but rather whether counsel's performance was so manifestly ineffective that "defeat was snatched from the hands of probable victory." *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992).

Although section 2255 mandates that the court conduct an evidentiary hearing "unless the motion and files and records conclusively show that the prisoner is entitled to no relief," a defendant must support his allegations with at least a proffer of some credible supporting evidence.  *See Chandler v. McDonough*, 471 F.3d 1360, 1363 (11th Cir. 2006) (citing *Drew v. Dep't of Corr.*, 297 F.3d 1278, 1293 (11th Cir. 2002) (referring to "our clear precedent establishing that such allegations are not enough to warrant an evidentiary hearing in the absence of any specific factual proffer or evidentiary support"); *Hill v. Moore,* 175 F.3d 915, 922 (11th Cir. 1999) ("To be entitled to an evidentiary hearing on this matter [an ineffective assistance of counsel claim], petitioner must proffer evidence that, if true, would entitle him to relief.")); *Ferguson v. United States*, 699 F.2d 1071, 1072 (11th Cir. 1983).  A hearing is not required on frivolous claims, conclusory allegations unsupported by specifics, or contentions that are wholly unsupported by the record.  *Peoples v. Campbell*, 377 F.3d 1208, 1237 (11th Cir. 2004); *Tejada*, 941 F.2d at 1559; *Holmes v. United States*, 876 F.2d 1545, 1553 (11th Cir. 1989) (citations omitted).  Likewise, affidavits that amount to nothing more than conclusory allegations do not warrant a hearing.  *Lynn*, 365 F.3d at 1239.

Ground One

Defendant first asserts that counsel was constitutionally ineffective because he should have argued that Defendant's two prior state drug convictions should have been counted as a single conviction for sentencing purposes.  In support of his argument, Defendant notes that there was no intervening arrest and the convictions were consolidated for state court sentencing purposes (citing U.S.S.G. § 4A1.2(a)(2)). Defendant's position is correct, insofar as it refers to criminal history calculations under the Sentencing Guidelines, but there was no error in this respect.  The PSR reflects that Defendant was assessed criminal history points for only one of the two convictions at issue (*see* PSR ¶¶ 63, 64).  The undersigned also notes that even if there had been an error in the guidelines calculation of Defendant's criminal history, it was the statutory mandatory sentence, not the Sentencing Guidelines, that dictated Defendant's sentence in this case.

To the extent Defendant argues that section § 4A1.2, or any other section of the Guidelines controls the application of 21 U.S.C. § 851, he is mistaken.  The issue of whether the two state convictions in question were one or two convictions for purposes of the § 851 enhancement was well-litigated upon remand (*see* docs. 243, 244).  No intervening arrest was required for the two convictions to be used as the basis for a § 851 sentence enhancement.  Defendant's attorney was not constitutionally ineffective for failing to make this argument.  *Freeman*, 536 F.3d at 1233; *Brownlee v. Haley*, 306 F.3d at1066.

Ground Two

Defendant next argues that counsel was constitutionally ineffective for not investigating the applicability of Amendment 709 to Defendant's case.  Amendment

709 clarified how prior sentences and offenses are used to determine a defendant's criminal history score. As noted previously, Defendant's life sentence was dictated by statute. Therefore, guidelines amendments clarifying or changing the manner in which criminal history is calculated would not have impacted his sentence. Counsel was not constitutionally ineffective for his failure to investigate or make an argument based on this amendment. *See Freeman*, 536 F.3d at 1233; *Lattimore*, 345 F. App'x at 508; *Brownlee v. Haley*, 306 F.3d at 1066.

Ground Three

Defendant claims that counsel was constitutionally ineffective because he failed to investigate whether Defendant had been read his *Miranda* rights prior to being arrested. Defendant appears to suggest that counsel should have moved to suppress any pre-*Miranda* statements Defendant made to law enforcement. Defendant is correct to the extent he argues that statements made during a custodial interrogation by a suspect who has not received *Miranda* warnings are generally inadmissible. *See United States v. Woods*, 684 F.3d 1045, 1055 (11th Cir. 2012) (citing *Miranda v. Arizona*, 384 U.S. 436, 479 (1966)). Nevertheless, even without counsel having made such a motion, the Government stated that it did not intend to offer into evidence any pre-*Miranda* statements (doc. 174 at 50), and Defendant has not established that it did so.

Defendant's suggestion that the timing of law enforcement's recitation of his *Miranda* rights affected his consent to the search of his residence appears to be an attempt to relitigate the district court's denial of the motion to suppress. Even if he were allowed to do so, failure to provide *Miranda* warnings does not invalidate consent to search. *See United States v. Vasquez*, 406 F. App'x 430, 432 (11th Cir.

2010) (citing *United States v. Garcia*, 496 F.2d 670, 674 (5th Cir. 1974)); *United States v. Stevens*, 487 F.3d 232, 242 (5th Cir. 2007); *United States v. Hidalgo*, 7 F.3d 1566, 1568 (11th Cir. 1993) (consent to search is not an incriminating statement subject to *Miranda*).    Furthermore, the undersigned notes that uncontroverted testimony at the suppression hearing established that Defendant gave verbal consent to the search both before and after law enforcement read him his *Miranda* warnings, and that he signed the written consent form after he was read his rights (doc. 174 at 40–41, 45).    Finally, the district court's finding that the officers' entry into Defendant's home was lawful and that Defendant's consent was voluntary (*see* doc. 174 at 53–55) upheld scrutiny on appeal (doc. 196).  Counsel was not constitutionally ineffective for failure to raising a *Miranda* argument.

Ground Four

Defendant's fourth ground for relief, as clarified in his traverse (*see* doc. 328 at 4), is that neither the court nor the Government strictly complied with the requirements of 21 U.S.C. § 851, and counsel was constitutionally ineffective because he failed to object.    The notice of enhancement referenced increased penalty provisions under 21 U.S.C. § 841(a)(1) and (b)(1)(A)(vii) (doc. 42).    The sufficiency of the Government's notice  was addressed on appeal (doc. 277 at 7–8), and may not be re-litigated herein.    *Rozier*, 701 F.3d at 684; *Nyhuis*, 211 F.3d at 1343.    In any event, the Eleventh Circuit found the notice legally sufficient; Defendant cannot now show prejudice for counsel's failure to object to the adequacy of the notice before the district court.

Defendant also references the fact that, at his initial sentencing, the court did not inquire if Defendant affirmed his prior convictions until after sentence was

imposed (doc. 176 at 21–22). Defendant's initial sentence, at which the alleged error occurred, was vacated and remanded.  Regardless, Defendant cannot show prejudice, because he has never denied the validity of the two convictions at issue.  Defendant is not entitled to relief on this ground.

Conclusion

For all of the foregoing reasons, the court finds that Defendant has not established that any of the claims raised in his motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 have merit.  Nor has he shown that an evidentiary hearing is warranted.  Therefore Defendant's motion should be denied in its entirety.

## Certificate of Appealability

Section 2255 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.  § 2255 11(b).

After review of the record, the court finds no substantial showing of the denial of a constitutional right.  § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted).  Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of  Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  If there is an objection to this recommendation by either party, that party may

bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully **RECOMMENDED**:

1. The motion to vacate, set aside, or correct sentence (doc. 305) be **DENIED**.

2. A certificate of appealability be **DENIED**.

At Pensacola, Florida, this 24th day of April, 2014.


/s/ *Charles J. Kahn, Jr.*

**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).**